# In the United States Court of Federal Claims

Case No. 98-483C
(Filed: February 18, 2005)

****************************************************
FLORIDA POWER AND LIGHT COMPANY, *
*Plaintiff,* *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant.* *
*
****************************************************

**ORDER**

On January 31, 2005, Judge Sypolt issued a ruling in this matter finding a lack of subject matter jurisdiction for Florida Power and Light Company's (FP&L) breach of contract claims. She transferred those claims to the United States Court of Appeals for the District of Columbia Circuit. She also certified her ruling for interlocutory appeal. The opinion retained FP&L's takings claims in this Court.

On February 2, 2005, this case was reassigned to the undersigned Judge. On February 10, 2005, Plaintiff FP&L filed a Motion for Reconsideration. The Plaintiff has also filed a petition to file an interlocutory appeal with the Court of Appeals for the Federal Circuit. Under 28 U.S.C. § 1292, the application for an interlocutory appeal does not automatically stay proceedings in this Court.

The Court is thus called upon to decide a motion for reconsideration without ever having "considered" the case. The standards for a motion for reconsideration are well known. A motion for reconsideration may be granted on four basic grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) so that a party may present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) when there is an intervening change in the controlling law. *See, e.g., Transonic Sys. v. Non-Invasive Med. Techs. Corp.*, 75 Fed.

Appx. 765, 784 (Fed. Cir. 2003); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2810.1 (2d ed. 1995). The motion may not be used to relitigate old matter, because it would then serve as a substitute for appeal. *Id.* A party also may not raise new legal arguments or present evidence that could have been previously presented. *Id.*

The Court intends to schedule an *informal* status conference, in person and on the record. Among the questions we expect to discuss are the standards for a motion for reconsideration where the original deciding judge no longer presides over the case. Accordingly, it is ORDERED that the parties agree upon at least three dates during the period of February 28-March 16. **The parties shall notify the Court's Judicial Assistant**, Denise Lawson, at telephone (202) 357-6500, **of the proposed status conference dates no later than March 2, 2005**. Morning sessions begin at 10:00 a.m., and afternoon sessions begin at 2:00 p.m.

**IT IS SO ORDERED.**

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge