**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on April 8, 2005)

| | |
|---|---|
| **FLORIDA POWER AND LIGHT COMPANY,** Plaintiff, v. **THE UNITED STATES,** Defendant. | No. 98-483C (Judge Baskir) |

**FLORIDA POWER AND LIGHT COMPANY'S**
**RESPONSE TO THIS COURT'S MARCH 21, 2005 ORDER**

Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Florida Power and Light Company

*Of Counsel*:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

April 8, 2005

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ... ii

I. BACKGROUND ... 1

II. LAW AND POLICY FAVOR THIS COURT GRANTING FP&L'S MOTION FOR RECONSIDERATION RATHER THAN PROCEEDING WITH APPEAL OR TRANSFER ... 3

A. Law And Policy Encourage The Use Of RCFC 59 To Avoid Unnecessarily Burdening Appellate Courts ... 3

B. Law And Policy Discourage The "Jurisdictional Ping Pong" That Would Occur By Finding No Jurisdiction In This Court ... 4

C. Law And Policy Favor A Just, Speedy, And Inexpensive Determination Of This Case By Granting FP&L's Motion For Reconsideration ... 6

III. RCFC 59 ALLOWS THIS COURT TO RECONSIDER JUDGE SYPOLT'S DECISION ... 8

A. A Successor Judge Has The Same Authority To Decide Jurisdiction As A Predecessor Judge ... 8

B. This Court Should Vacate The Interlocutory Order And Grant FP&L's Motion For Reconsideration ... 9

IV. CONCLUSION AND REQUEST FOR RELIEF ... 11

## TABLE OF AUTHORITIES

**Cases** **Page**

*Boston Edison Co. v. United States*,
No. 99-447C, 2005 WL 375603 (Fed. Cl. Feb. 15, 2005) .......... 2, 10

*Bowen v. Massachusetts*,
487 U.S. 879 (1988) .......... 6

*Britell v. United States*,
372 F.3d 1370 (Fed. Cir. 2004) .......... 5

*Charles v. Daley*,
799 F.2d 343 (7th Cir. 1986) .......... 3

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988) .......... 4

*City of Los Angeles v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001) .......... 10

*Doe v. United States*,
372 F.3d 1308 (Fed. Cir. 2004) .......... 5

*Doko Farms v. United States*,
861 F.2d 255 (Fed. Cir. 1988) .......... 4

*General Electric Uranium Mgt. Co. v. DOE*,
764 F.2d 896 (D.C. Cir. 1986) .......... 5, 6

*In Re Life & Fire Ins. Co of N.Y.*,
33 U.S. (8 Pet.) 291 (1834) .......... 8

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982) .......... 5

*Int'l Air Response v. United States*,
324 F.3d 1376 (Fed. Cir. 2003) .......... 5

*JWK Int'l Corp. v. United States*,
49 Fed. Cl. 364 (2001), *aff'd*, 279 F.3d 985 (Fed. Cir. 2002) .......... 6-7

*Kraft, Inc. v. United States*,
85 F.3d 602 (Fed. Cir. 1996) .......... 3

*Northern States Power Co. v. DOE*,
Nos. 97-1064 et al., 1998 U.S. App. LEXIS 12919 (D.C. Cir. May 5, 1998) ............................ 4

*Parmelee Transp. Co. v. Keeshin*,
292 F.2d 794 (7th Cir. 1961) .................................................................................................. 9

*Roedler v. DOE*,
255 F.3d 1347 (Fed. Cir. 2001)................................................................................................. 6

*Stoll v. Gottlieb*,
305 U.S. 165 (1938)................................................................................................................. 5

*United States Gypsum Co. v. Schiavo Bros., Inc.*,
668 F.2d 172 (3d Cir. 1981)................................................................................................ 8, 9

*Wisc. Elec. Power Co. v. DOE*,
211 F.3d 646 (D.C. Cir. 2000) ............................................................................................ 5, 6

*Yuba Natural Resources, Inc. v. United States*,
904 F.2d 1577 (Fed. Cir. 1990)................................................................................................. 9

**Other Authorities**

FED. R. CIV. P. 1 ..................................................................................................................... 6

RCFC 1 ............................................................................................................................ 3, 6, 7, 8

RCFC 59 ..........................................................................................................................*passim*

1 JAMES WM. MOORE ET AL.,
MOORE'S FEDERAL PRACTICE § 1.21 (3d ed. 1997) .................................................................. 6

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on April 8, 2005)

| | |
|---|---|
| **FLORIDA POWER AND LIGHT COMPANY,**<br>Plaintiff,<br>v.<br>**THE UNITED STATES,**<br>Defendant. | No. 98-483C<br>(Judge Baskir) |

**FLORIDA POWER AND LIGHT COMPANY'S**
**RESPONSE TO THIS COURT'S MARCH 21, 2005 ORDER**

Pursuant to this Court's March 21, 2005 Order, Florida Power and Light Company ("FP&L"), through its undersigned counsel, respectfully submits its response to the questions posed by the Court in its Order and during the March 16, 2005 status conference held in this case. For the legal and policy reasons stated below, this Court should grant FP&L's motion for reconsideration and vacate Judge Sypolt's January 31, 2005 Order ("Interlocutory Order") rather than allowing the case to proceed on interlocutory appeal. By granting the motion for reconsideration, this Court will moot the question of the Transfer Order. On the other hand, to the extent this Court intends to deny FP&L's motion for reconsideration, FP&L requests that this Court continue its stay of the Transfer Order until the U.S. Court of Appeals for the Federal Circuit has ruled on the joint petition for permission to appeal the Interlocutory Order ("Joint Petition").

## I. BACKGROUND

Since FP&L filed its motion for reconsideration and the Joint Petition, two other Judges of this Court have rejected the Interlocutory Order's conclusion that this Court lacks jurisdiction

to hear breach-of-contract claims in spent nuclear fuel cases involving Standard Contracts for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract"). On March 3, 2005, Judge Wiese granted a motion for reconsideration of the Interlocutory Order in *Duke Power v. United States*, No. 98-485C. *See* Attachment 1. On March 30, 2005, Judge Allegra granted a motion for reconsideration of the Interlocutory Order in *Nebraska Pub. Power Dist. v. United States*, No. 01-116C ("*NPPD*"). *See* Attachment 2. Furthermore, as discussed at the status conference and partially relied upon by Judge Allegra in *NPPD*, Judge Lettow issued a decision rejecting the Interlocutory Order's conclusion that this Court lacks jurisdiction under the Tucker Act. *Boston Edison Co. v. United States*, No. 99-447C, 2005 WL 375603, at *5-*10 (Fed. Cl. Feb. 15, 2005).

As discussed in FP&L's Notice of Federal Circuit Order Regarding Plaintiff's Petition for Permission to Appeal ("FP&L's Notice"), the Federal Circuit has taken cognizance of the unusual situation here and is holding in abeyance its decision to rule on the Joint Petition until all four Judges of the Court of Federal Claims have ruled on the motions for reconsideration of the Interlocutory Order. That same order granted Duke Power's motion to withdraw from the Joint Petition. A similar motion will soon be made for NPPD. Thus, the Federal Circuit is now awaiting rulings on the motions for reconsideration before this Court and Judge Futey in *PSEG Nuclear, L.L.C. v. United States*, No. 01-551C. For this reason alone, this Court should expeditiously consider and decide FP&L's motion for reconsideration. For a host of reasons discussed below and stated in FP&L's memorandum in support of its motion for reconsideration ("FP&L's Memo"), this Court should grant the motion for reconsideration.

## II. LAW AND POLICY FAVOR THIS COURT GRANTING FP&L'S MOTION FOR RECONSIDERATION RATHER THAN PROCEEDING WITH APPEAL OR TRANSFER

In its March 21, 2005 Order, this Court requested that the parties provide "[l]egal and policy based reasons the Court should consider in determining which course to follow . . . ." This Court should grant FP&L's motion for reconsideration as the most consistent with law and policy, because (1) RCFC 59 encourages this Court to correct errors to spare burdening the appellate courts with unnecessary appeals, (2) law and policy discourage courts from playing the "jurisdictional ping pong" created by the Interlocutory Order, and (3) RCFC 1's requirement for a just, speedy, and inexpensive determination of every action is best upheld by granting FP&L's motion for reconsideration.

### A. Law And Policy Encourage The Use Of RCFC 59 To Avoid Unnecessarily Burdening Appellate Courts

Generally, "'the purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Kraft, Inc. v. United States*, 85 F.3d 602, 606-07 (Fed. Cir. 1996) (quoting *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986)), *as modified*, 96 F.3d 1428 (Fed. Cir. 1996). FP&L has moved for reconsideration of the Interlocutory Order, because FP&L strongly believes this Court has jurisdiction over FP&L's claim for breach of contract. The Government agrees that this Court has jurisdiction, but has stated that it might be preferable to have the Federal Circuit consider the Joint Petition to conclusively decide the jurisdictional issue. The Government's preference, however, undermines the rationale for RCFC 59, because it will burden the parties and the Federal Circuit with unnecessary appellate proceedings. Therefore, this Court should grant FP&L's motion for reconsideration rather than deferring the jurisdictional issue to the Federal Circuit.

### B. Law And Policy Discourage The "Jurisdictional Ping Pong" That Would Occur By Finding No Jurisdiction In This Court

Generally, law and policy counsel that this Court should honor and uphold jurisdictional rulings from coordinate courts such as the U.S. Court of Appeals for the D.C. Circuit. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.") (internal quotations omitted). The effect of this law and policy is to credit the preclusive effect of a coordinate court's decisions, including jurisdictional decisions. The alternative risks creating "jurisdictional ping pong," where two courts consistently disclaim jurisdiction over a legal cause of action, but where one of the courts clearly has jurisdiction. *See Doko Farms v. United States*, 861 F.2d 255, 257 (Fed. Cir. 1988) (crediting a Fifth Circuit decision under "law of the case" principles, where the Fifth Circuit concluded that the case was subject to Tucker Act jurisdiction, the district court transferred the case to the U.S. Claims Court, which in turn re-transferred the case for lack of subject-matter jurisdiction to the district court, which in turn was ordered by the Federal Circuit to re-re-transfer the case to the Claims Court).

The Interlocutory Order improperly sets the table for just this type of "jurisdictional ping pong." Any decision that this Court lacks jurisdiction over FP&L's breach-of-contract claim contradicts the principles set forth in *Christianson* and *Doko Farms*. As noted in its motion for reconsideration, in a prior case to which FP&L was a party the D.C. Circuit disclaimed jurisdiction over breach-of-contract claims under the Nuclear Waste Policy Act ("NWPA"). *See Northern States Power Co. v. DOE*, Nos. 97-1064 *et al.*, 1998 U.S. App. LEXIS 12919, at *4 & *5 (D.C. Cir. May 5, 1998) (stating that the NWPA "does not place the question

of contract remedies in [the D.C. Circuit], nor set up [the D.C. Circuit] as a source of contract remedies outside the Standard Contract" and because DOE's breach of contract "does not violate a statutory duty" under the NWPA). Additionally, in a case involving a breach-of-contract cause of action by another utility, the D.C. Circuit has already disclaimed jurisdiction under the NWPA and held that the Court of Federal Claims is the proper venue for a utility to seek breach-of-contract damages under its contract. *See Wisc. Elec. Power Co. v. DOE*, 211 F.3d 646, 648 (D.C. Cir. 2000). Given this precedent, in all likelihood any transfer of this case to the D.C. Circuit would only lead to a re-transfer of FP&L's case back to this Court.

This Court should stop the "jurisdictional ping pong" now by granting FP&L's motion for reconsideration rather than allowing this case to be transferred or having the Federal Circuit take up the Joint Petition. Law and policy favor crediting a coordinate court's jurisdictional rulings unless the ruling is clearly erroneous or creates manifest injustice.[1] The D.C. Circuit's prior rulings involving the NWPA and the Standard Contract are not clearly erroneous, nor do they create manifest injustice.[2] The Interlocutory Order fails to credit those rulings and, in fact,

---

[1] As noted by FP&L's Memo at 12, *res judicata* generally binds a subsequent court on jurisdictional issues. *See Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982); *Int'l Air Response v. United States*, 324 F.3d 1376, 1380 (Fed. Cir. 2003).

[2] During the status conference, the Court noted that the D.C. Circuit has spoken "inconsistently" to the question of jurisdiction, citing specifically *General Electric Uranium Mgt. Co. v. DOE*, 764 F.2d 896 (D.C. Cir. 1986). However, the D.C. Circuit's decisions are consistent with cases establishing the principle that a plaintiff may challenge an agency action in district court under the Administrative Procedure Act ("APA") to obtain equitable or declaratory relief in lieu of (or in addition to) seeking money damages under the Tucker Act or Little Tucker Act. *Compare Doe v. United States*, 372 F.3d 1308, 1313 (Fed. Cir. 2004) (holding that jurisdiction was proper under the APA rather than Little Tucker Act where plaintiff "sought only an injunction requiring [the Government] to authorize payment for [an] abortion and related services, and a declaration that the statutory and regulatory prohibition on paying for aborting anencephalic pregnancies was unlawful"), *with Britell v. United States*, 372 F.3d 1370, 1372, 1379 (Fed. Cir. 2004) (concluding that jurisdiction was proper under the Little Tucker Act rather

is itself clearly erroneous and will create a manifest injustice. Transferring the case, now or ever, will inexorably lead to the jurisdictional morass that the Federal Circuit has expressly disavowed.[3]

### C. Law And Policy Favor A Just, Speedy, And Inexpensive Determination Of This Case By Granting FP&L's Motion For Reconsideration

Pursuant to RCFC 1, this Court should grant FP&L's motion for reconsideration to avoid the need for the Federal Circuit to consider the Joint Petition. RCFC 1 provides for the "just, speedy, and inexpensive determination of every action." This Court must factor in RCFC 1 in any determination, including one under RCFC 59. *See* 1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 1.21 (3d ed. 1997) ("Federal courts often refer to this provision of Rule 1 as a statement of the fundamental policy that the district courts must follow in applying any of the Rules in any particular civil action: a just, speedy, and inexpensive determination is essential to a fair and effective trial.") (discussing the identical language in FED. R. CIV. P. 1).

Generally, "[t]here is a concurrent public interest in obtaining the speedy resolution of matters brought before the Court and the efficient use of limited judicial resources." *See JWK*

---

than the APA because the plaintiff sought money damages to reimburse her payment for an abortion); *see also generally Bowen v. Massachusetts*, 487 U.S. 879 (1988). This exact dichotomy, including the possibility that both courts have "potential or at least abstract jurisdiction," March 16, 2005 Status Conf. Tr. at 22, is present in the D.C. Circuit's decisions that appellate courts have exclusive jurisdiction under the NWPA regarding an action, inaction, or decision of the Secretary of Energy, on the one hand, and its decisions that this Court has jurisdiction under the Tucker Act regarding breach-of-contract actions. *Compare Gen'l Elec.*, 764 F.2d at 901 (finding that the courts of appeals rather than district courts should have jurisdiction over "agency actions" under the NWPA and never considering the possibility of jurisdiction under the Tucker Act), *with Wisc. Elec.*, 211 F.3d at 648 (concluding that the Court of Federal Claims has jurisdiction over a utility's breach-of-contract claims).

[3] For the reasons stated in FP&L's Memo at 6-9 and during the March 16, 2005 status conference, FP&L submits that the Federal Circuit has already explicitly held that Tucker Act jurisdiction was appropriate. *Roedler v. DOE*, 255 F.3d 1347, 1351 (Fed. Cir. 2001).

*Int'l Corp. v. United States*, 49 Fed. Cl. 364, 370 (2001) (citing RCFC 1), *aff'd*, 279 F.3d 985 (Fed. Cir. 2002). As noted during the March 16 status conference, FP&L filed this case in June 1998, but it has moved with fits and starts through this Court. This case has been transferred numerous times, from the late-Judge Andewelt, to this Court, to Judge Wilson, to Judge Hewitt, to Judge Sypolt, and now back again to this Court. While it was designated a "lead case" before Judge Sypolt, the case sat dormant for 18 months prior to her issuance of the show cause order. The letter and spirit of RCFC 1 that a case be speedily determined requires that FP&L's motion for reconsideration be granted now to avoid another jurisdictional detour to the Federal Circuit. In that unfortunate event, FP&L would likely be delayed several more years until it actually reaches the merits of its damages claims.[4]

Additionally, RCFC 1 requires that this Court administer its rules to secure the "inexpensive determination of every action." By denying FP&L's motion for reconsideration, the Court ensures that FP&L will incur needless costs of appeal to determine a jurisdictional issue upon which the parties and, FP&L respectfully suspects, this Court agree. *See* March 16, 2005 Status Conf. Tr. at 31 (discussing what should be the legal result if, for example, the Court "[a]gree[s] with the legal case to the extent that I believe jurisdiction does lie here, but I don't think the issue has been foreclosed. . . . And it being an open issue, I would come down differently had I been faced with this as a matter of first impression, I would come down different than Judge Sypolt."). As also discussed at the status conference, it appears that FP&L cannot recover prejudgment interest, because its contract does not appear to provide for such interest. The longer FP&L awaits for trial, the more its breach-of-contract claim is financially

[4] Notably, this Court previously granted FP&L's motion for summary judgment on liability for partial breach of contract. *See* Order (Jan. 11, 2002) (Wilson, J.).

eroded by its likely inability to recover interest and the less likely FP&L will be made whole by any damages award.

Finally, RCFC 1 requires this Court to administer its rules in a just manner. It appears that this is not the only spent nuclear fuel case this Court has on its docket. *See S. Cal. Edison Co. v. United States*, No. 04-109C (Fed. Cl.). Either this Court lacks jurisdiction over all of its spent nuclear fuel cases or not. It would be a serious injustice to require FP&L to bear the burden of carrying an appeal to settle the jurisdictional question, which FP&L submits has already been foreclosed, while there are other similarly-situated cases on this Court's docket. Such unlike treatment of like cases would be unjust.

## III. RCFC 59 ALLOWS THIS COURT TO RECONSIDER JUDGE SYPOLT'S DECISION

As discussed during the status conference, this Court can and should grant FP&L's motion to reconsider the Interlocutory Order. This Court has jurisdiction to hear this case; there is no reason to further delay this Court's consideration of the merits of FP&L's claims.

### A. A Successor Judge Has The Same Authority To Decide Jurisdiction As A Predecessor Judge

Generally, "where a successor judge is asked by timely and proper motion to reconsider the legal conclusions of an unavailable predecessor, he or she is empowered to reconsider those issues to the same extent that his or her predecessor could have." *United States Gypsum Co. v. Schiavo Bros., Inc.*, 668 F.2d 172, 176 (3d Cir. 1981); *see also In re Life & Fire Ins. Co of N.Y.*, 33 U.S. (8 Pet.) 291, 303 (1834) ("He, as the successor of his predecessor, can exercise the same powers, and has a right to act on every case that remains undecided upon the docket, as fully as his predecessor could have done."). It appears that a trial court has the ability to review a

predecessor's decision *de novo*; an appellate court will review a successor's decision for its correctness, not for deference to a predecessor. *Schiavo Bros.*, 668 F.2d at 177 ("'Obviously, we cannot be expected to reverse a correct decision by one district judge simply because we find that it is contrary to a prior ruling by another district judge in the same case . . . .'") (quoting *Parmelee Transp. Co. v. Keeshin*, 292 F.2d 794, 797 (7th Cir. 1961)). A decision to grant a motion for reconsideration is within the sound discretion of this Court. *Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) ("The decision whether to grant reconsideration lies largely within the discretion of the [trial] court."). Thus, this Court may review the Interlocutory Order for its correctness without deference to the Court's predecessor in this case, Judge Sypolt.

**B. This Court Should Vacate The Interlocutory Order And Grant FP&L's Motion For Reconsideration**

Setting aside the question as to whether or not the Federal Circuit has ruled on the jurisdictional issue, this Court must determine whether it can properly exercise jurisdiction in this case and other like cases on its docket. As noted above, an appellate court will review a successor judge's determination based on its correctness. This Court should grant FP&L's motion for reconsideration if this Court independently determines it has jurisdiction.

Confronted with the exact same question of reconsideration in identical circumstances, Judge Wiese and Judge Allegra each concluded that the Interlocutory Order's conclusion that this Court lacked jurisdiction was incorrect. *See* Attachments 1 & 2. Each took a slightly different tack. Judge Wiese appeared to give some deference to Judge Sypolt: "Having considered the matter at issue, this court, although mindful of the respect owed to Judge Sypolt's analysis and decision, concludes that the Court of Federal Claims does indeed have jurisdiction

over plaintiff's contract claims." Attachment 1 at 2. Judge Allegra explicitly applied the common law criteria under RCFC 59 and concluded that Judge Wiese's decision in *Duke Power* and Judge Lettow's decision in *Boston Edison* "explicate why Judge Sypolt's determination that this court lacked jurisdiction was a manifest error of law." Attachment 2 at 2. Both Judges vacated the Interlocutory Order and granted the respective plaintiff's motion for reconsideration, rather than allowing the jurisdictional issue to be addressed by the Federal Circuit.

As explained in FP&L's Notice, the Federal Circuit itself has held in abeyance consideration of the Joint Petition until all four Judges have ruled on the motions for reconsideration of the Interlocutory Order. The ostensible reason for the Federal Circuit's holding the Joint Petition in abeyance is to give more time for all four Judges to grant the motions for reconsideration, thereby obviating the need for the Federal Circuit to rule on the Joint Petition. Ultimately, had the Federal Circuit been disposed to having those motions denied, it certainly could have cut short the Court of Federal Claims' consideration of these motions by simply granting review of the Joint Petition. *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("A district court . . . retains jurisdiction over an interlocutory order – and thus may reconsider, rescind, or modify such order – until a court of appeals grants a party permission to appeal.").

## IV. CONCLUSION AND REQUEST FOR RELIEF

For all the legal and policy reasons stated above and in FP&L's motion for reconsideration, this Court should grant FP&L's motion for reconsideration and vacate the Interlocutory Order.

Dated: April 8, 2005

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Florida Power & Light Company

*Of Counsel:*

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Document #: 1320304 v.3