# In the United States Court of Federal Claims

No. 98-485C
Filed: March 3, 2005

| | |
|---|---|
| DUKE POWER, A Division of DUKE ENERGY CORP., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

GRANTING MOTION FOR RECONSIDERATION

and

VACATING JANUARY 31, 2005, OPINION AND ORDER

This action is before the court on plaintiff's motion for reconsideration of the opinion and order entered on January 31, 2005, by Judge Diane Gilbert Sypolt, the judge to whom this case initially was assigned.[1] Florida Power & Light Co. v. United States, Nos. 98-483C, 98-485C, 01-116C, and 01-551C, 2005 WL 318678 (Fed. Cl. Jan. 31, 2005). The decision in question holds that this court lacks subject matter jurisdiction over plaintiff's breach of contract claims and orders the transfer of those claims to the United States Court of Appeals for the District of Columbia Circuit.

[1] This case was reassigned to the undersigned judge on February 2, 2005, following Judge Sypolt's retirement from the bench.

Plaintiff asserts that the decision is erroneous as a matter of law and asks that we vacate the ruling and restore this case to the court's docket. Having considered the matter at issue, this court, although mindful of the respect owed to Judge Sypolt's analysis and decision, concludes that the Court of Federal Claims does indeed have jurisdiction over plaintiff's contract claims. Accordingly, plaintiff's motion for reconsideration is GRANTED and Judge Sypolt's January 31, 2005, opinion and order are hereby VACATED.

I.

Section 302 of the Nuclear Waste Policy Act of 1982 (the "Act"), Pub. L. No. 97-425, 96 Stat. 2201, 2257–2261 (1983) (codified at 42 U.S.C. § 10222), directs the Secretary of the Department of Energy to enter into contracts for the pick-up and permanent storage of spent nuclear fuel and other high-level radioactive waste generated by persons engaged in the production of electrical power from fissionable materials. The Act contemplates that the costs associated with these storage activities shall be funded through fees assessed against the generators of nuclear waste products. The question at issue here is whether this court, in the exercise of its traditional contract jurisdiction under the Tucker Act, 28 U.S.C. § 1491, may hear claims and disputes arising under such a contract (which is more generally known as the "Standard Contract"). Judge Sypolt concluded that jurisdiction over such claims and disputes lay elsewhere; it was her view that Section 119(a) of the Act (set forth at 42 U.S.C. § 10139(a)) designates the United States courts of appeals as the exclusive arbiters of all issues arising under the Standard Contract. This court, however, is unable to endorse that view.

II.

Section 119(a)(1) of the Act reads as follows:

> Except for review in the Supreme Court of the United States, the United States courts of appeals shall have original and exclusive jurisdiction over any civil action—
>
> (A) for review of any final decision or action of the Secretary, the President, or the Commission under this subtitle;
>
> (B) alleging the failure of the Secretary, the President, or the Commission to make any decision, or take any action, required under this subtitle;
>
> (C) challenging the constitutionality of any decision made, or action taken, under any provision of this subtitle;

> (D) for review of any environmental impact statement prepared pursuant to the National Environmental Policy Act of 1969 (42 U.S.C. 4321 et seq.) with respect to any action under this subtitle, or as required under section 135(c)(1), or alleging a failure to prepare such statement with respect to any such action;
>
> (E) for review of any environmental assessment prepared under section 112(b)(1) or 135(c)(2); or
>
> (F) for review of any research and develop0ment activity under title II.

Pub. L. No. 97-425, 96 Stat. at 2227. As the quoted text makes apparent, section 119(a) does not address the subject of contracts entered into by the Secretary under the authority of the Act. Nor, indeed, does it include any reference to Title III of the Act—the title that includes the Secretary's contract authority under section 302. Rather, section 119(a) is focused on (i) decisions effected under the various grants of authority set forth in "this subtitle" (a reference to Subtitle A of Title I, "Repositories for Disposal of High-Level Radioactive Waste and Spent Nuclear Fuel"); (ii) environmental assessments prepared under sections 112(b)(1) or 135(c)(2) (sections that comprise, respectively, parts of Subtitles A and B of Title I of the Act); and (iii) actions for review of research and development activity arising under Title II of the Act. Contracts, and the funding such contracts are to provide, are not at all addressed in section 119(a).

In her decision, Judge Sypolt took cognizance of the fact that section 119(a), if applied in accordance with its express language, would not extend to the courts of appeals authority to consider issues arising out of the performance of the Standard Contract. Judge Sypolt decided, however, that the omission of contract issues from the scope of section 119(a) was the result of legislative oversight—an omission that came about when the three separate bills that formed part of the legislative background of the Act were reconciled and introduced as the text that became the present Act.

In that process of reconciliation, Judge Sypolt's decision explains, a provision in two of the three bills that was the analog to the current section 302 was transferred from Title I, Subtitle A, to a newly created Title III, thus removing that provision from the coverage of section 119(a). The decision goes on to note that while the reason for this transfer is "unclear . . . [n]othing in the legislative history suggests a substantive reason for doing this that it was in any way related to judicial review." Florida Power, 2005 WL 318678, at *25. Rather, the decision declares that "while a clarification that Section 119 review continued to apply to Section 302 in its new location may have been deemed unnecessary . . ., more probably [it was] simply overlooked." Id. At any rate, Judge Sypolt was persuaded that actions taken by the

Secretary in the performance of contracts executed pursuant to section 302 should be subject to judicial review under section 119(a) because "a legal challenge to an activity under Title I, Subtitle A, might be inextricably related to a corresponding funding or disposal decision under Title III." Id. at *26. Thus, it was the potential of common subject matter between issues arising under Title I and issues arising under the Standard Contract that led Judge Sypolt to conclude that Congress could not have intended to limit judicial review under section 119(a) only to the former.

The immediate difficulty we have with this analysis is that it fails to take account of the fact that section 302 is not the only section of the Act granting contract authority to the Secretary that falls outside the coverage of section 119(a). Specifically, we refer to section 136(a) (42 U.S.C. § 10156(a))—the section of the Act that gives the Secretary the authority to enter into contracts for the interim storage of nuclear waste (as opposed to contracts created under section 302 for the permanent storage of nuclear waste). In contrast to section 302, it would be difficult to argue that the exclusion of section 136(a) from section 119(a) was not reflective of Congress's true intent. For one thing, the section that immediately precedes section 136, section 135 ("Storage of Spent Nuclear Fuel"), is included under the judicial review provisions of section 119(a)(1)(E) ("any environmental assessment prepared under section . . . 135(c)(2)"). Further, section 135(b) contains specific reference to the Secretary's authority "to enter into . . . contracts under section 136(a)." Given the incorporation into section 119(a) of these closely aligned references to section 136, it would be difficult indeed to say that the exclusion of section 136 from the provisions of section 119(a) follows the same pattern of legislative oversight that would purportedly explain section 302's exclusion.

If we were to accept Judge Sypolt's analysis, then, we would be left with an interpretation of the Act that Congress intended to provide for judicial review under section 119(a) of contracts involving the permanent storage of nuclear waste while, at the same time, excluding from such review contracts involving the interim storage of nuclear waste. This distinction makes no sense. The short of the matter, therefore, is that the best reading of the Act is the reading that accepts at face value the text and structure of the Act as it is written: issues relating to the performance of the Secretary's contracts for the storage of nuclear waste, whether involving interim storage or permanent storage, are not within the judicial review provisions of section 119(a).

The last point brings us to our real concern with Judge Sypolt's analysis. Courts are not given a free hand to rewrite statutes according to their own views of what Congress intended. Instead, courts must take statutes as they find them, neither adding nor subtracting from the words the legislature has chosen. 62 Cases, More or Less, Each Containing Six Jars of Jam v. United States, 340 U.S. 593, 596 (1951) ("[The court must] construe what Congress has written. After all, Congress

expresses [a statute's] purpose by words. It is for [the court] to ascertain—neither to add nor to subtract, neither to delete nor to distort.") And where those words are plain and clear in their meaning, as is the case here with respect to the scope of section 119(a), then there is no more to be said about what Congress intended: Congress intended just what the words of the statute declare. Burlington Northern R.R. Co. v. Oklahoma Tax Comm'n, 481 U.S. 454, 461 (1987) ("Where a statute is clear and unambiguous, our inquiry is complete."). The only conclusion then, that this court may legitimately reach is that the judicial review provisions of section 119(a) do not cover section 302.

III.

For the reasons set forth above, this court concludes that issues relating to the Secretary's performance under the Standard Contract are not within the judicial review provisions of section 119(a). Accordingly, those issues are properly assertable in this court pursuant to its grant of jurisdiction "to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Consistent with this conclusion, the opinion and order entered by Judge Sypolt on January 31, 2005, are hereby VACATED.

s/John P. Wiese
John P. Wiese
Judge