# In the United States Court of Federal Claims

Case No. 98-483C
(Filed: June 17, 2005)
Issued for Publication

```
******************************************************
FLORIDA POWER AND LIGHT COMPANY,   *
                          Plaintiff,  *
                                      *
         v.                           *
                                      *
THE UNITED STATES OF AMERICA,         *
                          Defendant.  *
                                      *
******************************************************
```

Spent nuclear fuel; subject-matter jurisdiction; motion for reconsideration; standard of review; interlocutory orders; RCFC 54, 59; FRCP 54, 59; law of the case doctrine.

*Alex D. Tomaszczuk*, Pillsbury, Winthrop, *et al.*, Washington, D.C., for Plaintiff. With him on the briefs were *Jay E. Silberg*, *David J. Cynamon*, *Walter F. Zenner*, *Michael G. Lepre*, *Daniel S. Hertzfeld*, *Jack Y. Chu*, all of counsel.

*Harold D. Lester, Jr.*, Assistant Director, Commercial Litigation Branch, Department of Justice, Washington, D.C., attorney of record for the Defendant. With him on the briefs were *Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director. *Jane K. Taylor*, Office of General Counsel, Department of Energy, of counsel.

*Tahmineh I. Maloney*, law clerk.

## OPINION AND ORDER

**BASKIR**, Judge.

On February 10, 2005, Plaintiff Florida Power and Light Company (FP&L) filed a motion for reconsideration of Judge Sypolt's January 31, 2005, Opinion and Order in *Florida Power & Light Co., et al. v. United States*, 64 Fed. Cl. 37 (2005) (consolidated, Nos. 98-483C, 98-485C, 01-116C, and 01-551C). Judge Sypolt held that this Court lacked subject matter jurisdiction over Plaintiff's breach of contract claims and ordered those claims transferred to the U.S. Court of Appeals for the District of Columbia. Plaintiff's takings claims were retained. Judge Sypolt also provided for appeal of her interlocutory order and the parties preserved that appeal opportunity.

We conclude that the Court does indeed have jurisdiction over FP&L's breach of contract claims.  The strict standards governing motions to reconsider under Rule 59 of the Federal Rules of Civil Procedure (FRCP) do not apply to motions to reconsider interlocutory matters under Rules 54 and 59 of the Rules of the United States Court of Federal Claims (RCFC).  **For the reasons stated below, we hereby GRANT FP&L's motion for reconsideration and VACATE Judge Sypolt's January 31, 2005, Opinion and Order.**

## Procedural Context

Plaintiff FP&L filed its Complaint on June 8, 1998.  From that date until the present its case has been transferred numerous times to different judges of this Court.  Its case was also consolidated with three other spent nuclear fuel cases: *Nebraska Public Power District v. United States*, No. 01-116C; *Duke Power v. United States*, No. 98-485C; and *PSEG Nuclear, L.L.C. v. United States*, No. 01-551C.  We briefly review key events.

On January 11, 2002, Judge Wilson granted FP&L's motion for summary judgment on liability for partial breach of contract.  Subsequently, on December 11, 2002, the case was transferred to Judge Hewitt and the parties began briefing new issues.  On October 14, 2004, Judge Sypolt, now presiding, issued an Order to Show Cause and For Additional Briefing, in which she *sua sponte* questioned the Court's subject matter jurisdiction over the plaintiffs' consolidated contractual claims.  The parties responded to the Order by filing responsive briefs setting forth somewhat different theories, but agreeing on the ultimate question that jurisdiction did lie.  Prior to the issuance of Judge Sypolt's Order to Show Cause the parties had completed briefing motions on damages issues, including cross-motions for summary judgment regarding the post-1998 spent nuclear fuel acceptance rate.

Case No. 98-493C was reassigned to the undersigned on February 2, 2005, following Judge Sypolt's retirement from the bench.  On that same date, the three other cases covered by that decision were reassigned to other judges of this Court.  *Nebraska Public Power District*, No. 01-116C (J. Allegra); *Duke Power*, No. 98-485C (J. Wiese); *PSEG Nuclear*, No. 01-551C (J. Futey).  In all four formerly consolidated cases the respective plaintiffs moved for reconsideration of Judge Sypolt's ruling.  The motions were granted in *Nebraska Public Power* and *Duke Power*, and denied in *PSEG Nuclear.  Cf. Nebraska Public Power District*, No. 01-116C, slip op. (Fed. Cl. March 30, 2005); *Duke Power*, No. 98-485C, slip op. (Fed. Cl. March 3, 2005); *PSEG Nuclear*, No. 01-551C, slip op. (Fed. Cl. April 22, 2005).

Plaintiff FP&L's motion asserts that Judge Sypolt's ruling was a "clear error of law" that will lead to "manifest injustice."  Plaintiff asks that we vacate the

ruling.  The motion cites RCFC 59, and was timely under the 10-day limit for new trial and judgment-related motions for reconsideration under Rule 59(b) and (e).  FP&L also filed a petition with the Federal Circuit, respecting the interlocutory appeal, a step that does not automatically stay proceedings in this Court.  *See* 28 U.S.C. § 1292.

The Defendant agrees that the jurisdictional analysis of the January 31, 2005, Opinion and Order was incorrect.  The parties, however, disagree on the matter of remitting the jurisdictional issue to the Federal Circuit, with the Defendant urging the benefits of a final resolution of the jurisdictional issue and the Plaintiff opposing an appellate review at this stage of its case.

## Standard of Review

We held a status conference on March 16, 2005, to explore, among other issues, whether the reassignment of a case to a new judge would inform the standards for deciding a motion for reconsideration.  On March 21, we issued an Order requesting further briefing on (1) the legal and policy-based factors the Court should consider in ruling on the motion to reconsider, and (2) the effect of the assignment of a new judge upon the standards for a motion for reconsideration.  Both parties have submitted supplemental briefs.

These issues were potentially decisive in analyzing the Plaintiff's Rule 59 motion.  The motion quite clearly re-argued the Plaintiff's earlier legal position submitted in response to Judge Sypolt's Order to Show Cause.  If subject to the strict limitations on reconsideration of judgments and new trials under FRCP 59, the motion was vulnerable.  By the same token, Judge Sypolt's Opinion and Order would be entitled to a higher degree of deference; that is, it might remain undisturbed unless "manifestly erroneous."  That higher standard could result – and in these circumstances has resulted – in divergent decisions.  *Cf.  PSEG Nuclear*, No. 01-551C, slip op. (Fed. Cl. April 22, 2005); *Nebraska Public Power District*, No. 01-116C, slip op. (Fed. Cl. March 30, 2005).

In *PSEG Nuclear*, the Court denied the plaintiff's motion for reconsideration because the plaintiff had failed to meet the "high" standard for a RCFC 59(a) motion for reconsideration.  The Court found that the plaintiff failed to show a change in law since the filing of the opinion, nor had the plaintiff discovered any new facts.  Rather, the plaintiff attempted to "rehash previously rejected arguments and re-litigate issues already carefully considered and decided by the court." *PSEG Nuclear*, No. 01-551C, slip op. at 15.  The Court's standard of review incorporated case law interpreting FRCP 59.  *Id.* at 5, 15 (*citing Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (lower court properly denied motion for reconsideration, which it deemed as being brought under FRCP 59(e), because it presented no new arguments).  On the other hand, in *Nebraska Public*

*Power District*, the Court applied the same high standards: "This court may grant a motion to reconsider under RCFC 59(a)(1) only in 'extraordinary circumstances,' and such showing much be based on 'manifest error of law, or mistake of fact.'" No. 01-116C, slip op. at 1-2 (internal citations omitted).  It concluded that Judge Sypolt's decision was a "manifest error of law." *Id.* at 2.

Our Order sought to clarify whether the strict standard of review under FRCP 59 should apply in this instance.  In its response to our Order, the Defendant points out, and we agree, that the Opinion and Order was not a final judgment.  Consequently, the strict rules governing motions to amend and alter final judgments under Rule 59 do not apply.  With respect to decisions that are not final judgments, the law of the case doctrine applies.  Under that doctrine:

> Orderly and efficient case administration suggests that questions once decided not be subject to continued argument *but the court has the power to reconsider its decisions until a judgment is entered.*

*Exxon Corp. v. United States*, 931 F.2d 874, 877 (Fed. Cir. 1991) (emphasis added) (quoting *Jamesbury Corp. v. Litton Indus. Prod., Inc.*, 839 F.2d 1544, 1550 (Fed. Cir. 1988)).  This approach is consistent with – indeed, is compelled by both the FRCP and the RCFC.

Generally, the RCFC mirror the FRCP.  However, in the case of matters governed by Rule 59, our Rule departs from the FRCP.  The Federal Rule governs only "New Trials; Amendment of Judgments."  Rule 59 of the RCFC encompasses a greater range of matters, including "New Trials; Rehearings; Amendment of Judgments; Reconsideration."  *Cf* RCFC 59; FRCP 59.  The legal standards for the amendment of final judgments (and granting new trials) are not coextensive with the standards for the review of non-final orders, which may involve matters as mundane as evidentiary rulings, indeed, even extensions of time.

FRCP 59(a) states the grounds for granting a new trial and presumably a motion for amendment of judgment:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in courts of the United States.

RCFC 59(a) states the grounds:

(1) A new trial or rehearing or reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States.

Both rules direct a respective court to apply common law or equity rules to its determinations.  In applying RCFC 59, judges of this Court regularly cite to cases applying FRCP 59.  These cases set out the limited circumstances in which motions to reconsider a judgment may be granted.  The four basic grounds are: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) so that a party may present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) when there is an intervening change in the controlling law.  *See, e.g., Transonic Sys. v. Non-Invasive Med. Techs. Corp.*, 75 Fed. Appx. 765, 784 (Fed. Cir. 2003); *Fru-Con Construction Corp. v. United States,* 44 Fed. Cl. 298, 301 (1999).

The decision to grant or deny a motion for reconsideration under the Federal Rule lies largely within the discretion of the trial court.  *Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (internal citations omitted).  A movant must support its motion by a showing of "extraordinary circumstances which justify relief."  *Fru-Con Construction Corp.*, 44 Fed. Cl. at 300 (*citing Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th. Cir. 1986)).  By the same token, Rule 59 may not be used to relitigate legal issues previously considered and resolved by the court.  A movant may not merely recapitulate "'cases and arguments considered by the court before rendering its original decision.'"  *Fru-Con Construction Corp.*, 44 Fed. Cl. at 301 (*quoting Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 706 (D.N.J. 1989)).

In short, a party moving for reconsideration under FRCP 59 bears a heavy burden, as does a party moving for reconsideration of a final judgment or seeking a new trial under our Rule 59.  On occasion, however, judges of this Court have applied these stricter standards to non-final, interlocutory orders. *See, e.g., Scott Timber Company v. United States*, 2005 U.S. Claims LEXIS 143; *PSEG Nuclear*, No. 01-551C, slip op. (Fed. Cl. April 22, 2005); *Nebraska Public Power District*, No. 01-116C, slip op. (Fed. Cl. March 30, 2005).  This blurs the distinction between final and interlocutory orders.

Courts possess inherent power to modify their interlocutory orders before entering a final judgment.  *See, e.g., Balla v. Idaho State Board of Corrections*, 869 F.2d 461 (9th Cir. 1989) (*citing Marconi Wireless Telegraph Co. v. United*

*States*, 320 U.S. 1, 47-48 (1943)); *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922); *see also* 132 A.L.R. 14 ("The general rule is that a judgment which is merely interlocutory may be set aside or modified even at a term subsequent to that at which it was rendered, and that until the rendition of a final judgment the interlocutory judgment remains within the control of the court."). Moreover, both the FRCP and the RCFC grant courts the explicit authority to modify their interlocutory orders.

Rule 54 of both the RCFC and the FRCP governs judgments. Under both Rules, a judgment "includes a decree and any order from which an appeal lies." RCFC 54(a); FRCP 54(a). When more than one claim for relief is presented in an action, a court "may direct the entry of a final judgment as to one or more but fewer than all of the claims...only upon an express determination that there is no just reason for delay and upon an express direction of the entry of judgment." RCFC 54(b); FRCP 54(b). By this process, an Order dismissing one of several counts or parties may be converted to a final, appealable order. Failing that, an Order dismissing one of several counts remains interlocutory:

> In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, *and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

RCFC 54(b); FRCP 54(b) (emphasis added). Thus, Rule 54(b) governs non-final orders such as dismissals of counts. To apply final order review standards to non-final orders would undermine both the common law and RCFC 54 which explicitly states that non-final orders may be revisited at any time.

Judge Sypolt's Order was just such an interlocutory decision. She could have converted it to a final, appealable order. But she took another approach, leaving her ruling as interlocutory, and leaving to the parties and the Federal Circuit the option to process an appeal at this point if they so chose.

We thus conclude that Judge Sypolt's non-final order may be revisited and reassessed under the more flexible standards of the "law of the case."

## Discussion

Three judges of this Court have subsequently disagreed with Judge Sypolt's determination that this Court lacks subject matter jurisdiction to consider the breach of contract claims in the spent nuclear fuel cases. Judge Lettow

Page 6

addressed the question first in a case that was not one of the original consolidated cases before Judge Sypolt.  *See Boston Edison Co. v. United States*, 64 Fed. Cl. 167 (2005).  He ruled that the Opinion and Order issued by Judge Sypolt erroneously viewed the omission of Title III from Section 119 as a "drafting error or oversight."  *Id.* at 178.  He characterized the decision as "based upon pure supposition, using legislative silence and then speculation to superimpose an idiosyncratic view of the congressional intent on explicit jurisdictional terms."  *Id.*

In Judge Lettow's view, the plain text of Section 119 granted original and exclusive jurisdiction to the Courts of Appeals in six instances.  Section 119 did not affect jurisdiction over actions taken under Title III, and accordingly, did not displace this Court's jurisdiction under the Tucker Act of an alleged breach of contract.

On March 3, 2005, Judge Wiese issued an opinion granting plaintiff Duke Power's motion for reconsideration of Judge Sypolt's Opinion and Order on similar grounds to Judge Lettow's jurisdictional ruling.  *See Duke Power*, No. 98-485C, slip op. (Fed. Cl.).  Judge Wiese explicitly rejected the legislative silence or "oversight" argument: "Courts are not given a free hand to rewrite statutes according to their own views of what Congress intended."  *Id.* at 4.  He noted that Section 119 made no reference to Title III.  Based upon an analysis of the structure of the Act, Judge Wiese concluded that accepting the analysis of the Opinion and Order would result in "an interpretation of the [Nuclear Waste Policy] Act that Congress intended to provide for judicial review under section 119(a) of contracts involving the *permanent* storage of nuclear waste while, at the same time, excluding from such review contracts involving the *interim* storage of nuclear waste."  *Id.* (emphasis added).  Based upon this analysis, Judge Wiese vacated the Opinion and Order.

Judge Allegra issued an order granting plaintiff Nebraska Public Power District's motion for reconsideration of Judge Sypolt's Opinion and Order on March 30, 2005.  Judge Allegra adopted the reasoning of Judge Lettow and Judge Wiese in vacating Judge Sypolt's Opinion and Order.  *See Nebraska Public Power District*, No. 01-116C, slip op. at 2 (Fed. Cl.).

We agree with the well-reasoned opinions by Judges Lettow, Wiese, and Allegra -- all of which conclude that Judge Sypolt's determination was an incorrect legal conclusion.  *See Boston Edison Co.*, 64 Fed. Cl. at 178; *Nebraska Public Power District*, No. 01-116C, slip op. (Fed. Cl. March 30, 2005); *Duke Power*, No. 98-485C, slip op. (Fed. Cl. March 3, 2005); *but see PSEG Nuclear*, No. 01-551C, slip op.  (Fed. Cl. April 22, 2005) (J. Futey) (denying plaintiff PSEG Nuclear, L.L.C.'s motion for reconsideration of Judge Sypolt's January 31, 2005, Opinion and Order).

## Conclusion

Based upon the reasoning outlined in those opinions and orders, we hereby GRANT Plaintiff's motion for reconsideration and VACATE Judge Sypolt's January 31, 2005, Opinion and Order.

IT IS SO ORDERED.

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge