**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on January 3, 2006)

| | |
|---|---|
| **FLORIDA POWER & LIGHT COMPANY,** Plaintiff, v. **THE UNITED STATES,** Defendant. | No. 98-483C (Judge Baskir) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiff Florida Power & Light Company ("FPL") respectfully requests leave from the Court to file an amended and supplemental complaint (attached hereto as Exhibit A) pursuant to RCFC 15(a) and RCFC 15(d). An amended and supplemental complaint is necessary for FPL to update its pleadings and specify the damages that have directly resulted from Defendant's (the "Government") continuing breach of FPL's Standard Contracts since FPL filed its First Amended Complaint in October 2000.[1] For reasons explained below, FPL's Second Amended Complaint and Supplemental Complaint relates to the same causes of action originally pleaded (and subsequently amended) in this case. Hence, in the interests of justice and to facilitate the "speedy and inexpensive determination" of this action,[2] this motion for leave should be granted.[3]

[1] The Government's liability for breach of contract has already been established in this case. Judge Wilson, one of the previous presiding judges in this case, granted FPL's December 20, 2000 motion for summary judgment on liability for breach of contract. See January 11, 2002 Order.

[2] See RCFC 1.

[3] As the parties stated in their December 16, 2005 Joint Status Report, the Government has not yet determined whether it will oppose the instant motion for leave. To the extent that the

## BACKGROUND

FPL filed its original complaint in this action on June 8, 1998, alleging a partial breach of contract and a breach of the implied covenant of good faith and fair dealing. Complaint ¶¶ 21-29. On October 6, 2000, FPL filed an amended complaint to allege a taking without just compensation in addition to its two breach counts. First Amended Complaint ¶¶ 31-34.

In September 2005, the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") held in another spent nuclear fuel damages case that, in a suit for partial breach of contract, a plaintiff may recover pre-breach damages but that plaintiff's damages "were limited to those costs incurred prior to the date of its suit." Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1376-77 (Fed. Cir. 2005). Costs that have yet to be incurred must be sought in separate actions "as they are incurred." Id. The Federal Circuit also held, however, that "[i]f the breach is partial only, the injured party may recover damages for nonperformance only to the *time of trial* and may not recover damages for anticipated future nonperformance." Id. at 1376 (emphasis added). Despite this apparently conflicting language about the type of damages that are recoverable in a partial breach suit, the Federal Circuit chose not to clarify the issue and thus this Court must now address whether costs that a plaintiff incurs between the filing of its complaint and the time of trial are recoverable in the instant action.[4]

Since the Federal Circuit's decision, it has become apparent that plaintiff utilities and the Government disagree about the effect of Indiana Michigan on the recoverability, as a matter of law, of post-complaint/pre-trial damages in other spent nuclear fuel cases. For example, counsel

---

Government opposes this motion, the parties respectfully request briefing and argument before the Court on the recoverability of post-complaint/pre-trial damages in this case.

[4] The plaintiff in Indiana Michigan filed a petition for panel rehearing seeking clarification on the recoverability of post-complaint/pre-trial damages. On November 28, 2005, the Federal Circuit denied this petition without further comment, and its mandate issued on December 2, 2005.

for the Government in a letter to the plaintiffs in Southern Nuclear Operating Co. v. United States, No. 98-614C (Merow, S.J.)[5] requested that they

> file a new complaint in advance of trial, seeking damages through December 31, 2004. We will agree to the consolidation of the new action and the pending action for trial in October [2005]. Moreover, we will agree that damages that have arisen under the new complaint will be litigated through December 31, 2004. We will agree that any actual costs incurred between January 1, 2005, and the date of the new complaint can be included in a new complaint filed in the future in accordance with the appellate court's decision in Indiana Michigan.

September 16, 2005 Letter from John C. Ekman to M. Stanford Blanton (attached hereto at Exhibit B). The Government's letter suggests that the Government believes the Southern Nuclear plaintiffs may not recover damages incurred since their 1998 complaint without the filing of a new complaint coupled with a motion to consolidate.[6] Similarly, counsel for the Government recently sent a letter to counsel for the plaintiff in System Fuels, Inc. v. United States, No. 03-2624C (Braden, J.) stating that

> [b]ecause the Federal Circuit denied [Indiana Michigan's] petition, we understand the Indiana Michigan decision to be settled law in this case. Thus, the damages that [plaintiff] SFI may claim here are only those damages that have been incurred as of 'the time of the institution of the action' . . . In this case, because the SFI complaint was filed on November 5, 2003, the trial of this case should only consider those damages incurred through November 5, 2003.

December 5, 2005 Letter from Sharon A. Snyder to Alex D. Tomaszczuk (attached hereto at Exhibit C) (citation omitted). The Government has also argued in Pacific Gas & Elec. Co. v. United States, No. 04-0074C (Hewitt, J.) that this Court has the discretion to deny leave where a utility plaintiff seeks to file a supplemental complaint pleading damages incurred after the

---

[5] The plaintiffs in Southern Nuclear filed their action against the Government in 1998. The damages trial in that case commenced in October 2005, which proceedings are currently adjourned (with its resumption currently scheduled for January 30, 2006).

[6] In response to the Government's letter, the Southern Nuclear plaintiffs recently filed a motion for leave to file an amended and supplemental complaint to seek damages incurred after July 1998 and through December 31, 2004. The Government's response to this motion for leave has been deferred until after completion of the Southern Nuclear trial.

original complaint. Defendant's Response To Plaintiff's Motion for Clarification or Reconsideration on Discovery at 13 n.8 (Dec. 14, 2005) (excerpt attached hereto at Exhibit D). Lastly, the Government has stated that Indiana Michigan precludes the plaintiffs in Yankee Atomic Elec. Co. v. United States, Connecticut Yankee Atomic Power Co. v. United States, and Maine Yankee Atomic Power Co. v. United States, Nos. 98-126C, 98-154C, and 98-474C (Merow, S.J.) from recovering *any* damages that post-date the filing of their complaints. Defendant's Brief Concerning The Effect Of *Indiana Michigan* Upon The Damages That May Be Considered In This Litigation at 5 (Dec. 6, 2005) (excerpt attached hereto at Exhibit E).

Notwithstanding the disparate positions that the Government has taken with regard to the recovery of post-complaint damages, FPL disagrees with the Government's interpretation of Indiana Michigan as stated or suggested in these other spent nuclear fuel damages cases, and believes that its post-complaint/pre-trial damages are recoverable in the instant action. FPL seeks leave now to amend and supplement its complaint and plead such damages through November 2005. As alleged in the attached Amended and Supplemental Complaint, FPL has incurred significant costs since June 1998 as a result of the Government's breach of the Standard Contract. Exhibit A at ¶¶ 36-37. Moreover, as detailed below, FPL's Second Amended Complaint and Supplemental Complaint is related to the previous complaints it filed in this case. Hence, FPL should be permitted to amend and supplement its pleadings under RCFC 15(a) and RCFC 15(d), and this motion for leave should be granted.

## DISCUSSION

The Federal Circuit's decision in Indiana Michigan does not foreclose the use of this Court's rules governing amended and supplemental pleadings that allow a plaintiff to update its damages claims prior to trial. Indeed, RCFC 15(d) permits a party to set forth "transactions or



400277079v1

occurrences or events which have happened since the date of the pleading sought to be supplemented" in a supplemental pleading. The purpose of this rule is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims that arise after the initial pleadings are filed. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1982).

The Federal Circuit under Rule 15(d) has permitted plaintiffs to file supplemental complaints to plead facts that relate back[7] to the original complaint. Intrepid v. Pollock, 907 F.2d 1125 (Fed. Cir. 1990). In particular, if the supplemental complaint "relates to the same cause of action originally pleaded, it would be an abuse of discretion to deny the amendment." Id. at 1129 (citing Griffin v. School Board, 377 U.S. 218, 227 (1964)).

RCFC 15(a) also provides, in pertinent part, that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has noted that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive of the movant, repeated failure to cure deficiencies previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962); accord Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989).

[7] The "relation back" doctrine is based on the notion that once litigation involving a particular conduct or transaction has been instituted, defendants are not entitled to the protection of the statute of limitations against any later assertions by amendment of claims that arose out of the same conduct or transaction set forth in the original complaint. Snoqualmie Tribe of Indians v. United States, 178 Ct. Cl. 570 (1967). Although this Court's rules only explicitly provide for the relation back of amended pleadings, see RCFC 15(c), courts have uniformly recognized that the principle applies similarly to supplemental pleadings despite the lack of an analogous mechanism in the federal rules. See, e.g., United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002).

FPL's Second Amended Complaint and Supplemental Complaint, by its terms, relates to the same causes of action originally pleaded (and subsequently amended) because it re-alleges and re-states all the paragraphs from the First Amended Complaint filed on October 6, 2000. Exhibit A at ¶¶ 1-34. The Second Amended Complaint and Supplemental Complaint also states that the Government's breach of the Standard Contract is ongoing and that FPL continues to incur significant costs as a direct result of this continuing breach. Id. ¶ 36. Furthermore, the Second Amended Complaint and Supplemental Complaint specifies in greater detail the types of damages initially pleaded for "extended on-site storage of its spent nuclear fuel" or "alternative off-site storage capacity to permit continued operation of its nuclear plants." Id. ¶ 21.

The opportunity for a plaintiff utility to amend or supplement its complaint and plead new events or costs is especially appropriate in cases where, as here, an extended period of time has passed between the filing of the complaint and the damages trial. Although no damages trial has yet been scheduled in this case, over seven years have passed since FPL filed its Complaint in this case due to, *inter alia*: 1) interlocutory appeals to the Federal Circuit; 2) various procedural disputes between the parties; and 3) the length of coordinated discovery in the spent nuclear fuel cases. As stated above, FPL has incurred substantial damages since 1998 and it would be prejudicial to require FPL to expend resources unnecessarily by filing entirely new actions in this Court (and possibly moving to consolidate the new actions with this case). A more simple, efficient, and appropriate mechanism exists in RCFC 15 for plaintiffs to plead new damages.

Finally, the Government will not be prejudiced if FPL is permitted to plead damages that have been incurred since the filing of its complaint and to recover those costs that are proven with reasonable certainty at trial. In this case, the Government has always been on notice that

FPL's damages would accumulate after the filing of its complaint, especially if the Government's breach of the Standard Contract continued for an extended period. See First Amended Complaint ¶ 25 ("The rate at which [FPL's] damages will continue to accrue is dependent upon various factors including but not limited to when [the Department of Energy] commences performance of its contractual obligation . . ."). Thus, the Government cannot credibly allege prejudice if an amended and supplemental pleading, consistent with the allegations of FPL's original and amended complaints, specifies that the Government's wrongdoing has continued and caused additional damages. Moreover, since damages discovery has not yet commenced nor has any trial date yet been scheduled, the Government will have ample opportunity to conduct discovery and prepare for a trial on FPL's damages, as incurred through November 2005.

## CONCLUSION

For the foregoing reasons, the Federal Circuit's decision in Indiana Michigan should be interpreted to permit FPL to plead and recover damages incurred since the filing of its original complaint and up through November 2005. Accordingly, FPL respectfully requests leave from the Court to file the attached Second Amended Complaint and Supplemental Complaint. To the extent that the Government opposes this motion for leave or disputes that FPL may recover at trial damages that it has incurred since the filing of its original complaint in 1998, FPL respectfully requests briefing and argument before the Court on the recoverability of post-complaint/pre-trial damages in this case.

Dated: January 3, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Florida Power & Light Company

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)