IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FLORIDA POWER AND LIGHT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-483C |
| | ) | (Judge Baskir) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE ITS AMENDED AND SUPPLEMENTAL COMPLAINT

Defendant, the United States, respectfully responds to the motion for leave to file its amended and supplemental complaint filed by plaintiff, Florida Power and Light Company ("FPL"), on January 3, 2006.

SUMMARY OF THE ARGUMENT

We do not oppose FPL's motion to amend or FPL's proposal that any trial on damages, when scheduled, include consideration of damages allegedly incurred by FPL through November 2005. However, we disagree with FPL's suggestion that the Court must resolve the question "whether costs that plaintiff incurs between the filing of its complaint and the time of trial are recoverable." Plaintiffs Motion ("Pl. Mtn") at 2. The Court need not reach this issue because the parties have agreed to limit consideration of damages to those incurred only through November 2005. Any damages that FPL seeks in this case pre-date the filing of FPL's supplemental complaint, and the parties agree that, with the filing of a supplemental complaint, FPL can seek those pre-complaint damages here.

To the extent that the Court finds it necessary to resolve the extent to which FPL can recover post-complaint damages, this issue has already been decided by the United States Court

of Appeals for the Federal Circuit in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005). As the Federal Circuit held, a partial breach claimant, like FPL, may "sue from time to time for the damages incurred to the date of suit," which was defined as "the time of the institution of the action." Id. at 1377 (quoting Restatement (Second) of Judgments § 26(e) & cmt. g (1982). Therefore, FPL may only recover damages incurred as of the filing of its most recent complaint, not those incurred after the filing of its complaint but prior to trial. Any damages incurred by FPL after the filing of its most recent complaint must be the subject of another complaint and, presumably, another trial, given the parties' agreement to limit the consideration of damages in any trial in this case to those incurred through November 2005.

## ARGUMENT

### I. DEFENDANT DOES NOT OPPOSE FPL'S MOTION TO AMEND AND SUPPLEMENT ITS COMPLAINT

Through its motion, FPL seeks to amend and supplement its complaint to include claims for damages incurred through November 2005 resulting from the partial breach of the Standard Contract by the Department of Energy ("DOE"). See Second Amended Complaint ¶ 37. In its motion, FPL also requests that the Court, at the trial to be held in this matter, consider the damages allegedly incurred by FPL through November 2005.

Defendant does not oppose this motion to amend or FPL's suggestion that, following the filing of that supplemental complaint, it should be able to litigate damages through November 2005 in this case. As the Federal Circuit held in Indiana Michigan, a plaintiff in a partial breach case may only seek to recover damages incurred prior to the date of its complaint. In this case, FPL has filed or sought to file three complaints – the original complaint in 1998, a first amended complaint in 2000 and a second amended complaint that is the subject of the pending motion.

Each of these complaints presents new claims arising from the continuing partial breach of contract between FPL and DOE. The claims underlying each of these complaints should be properly considered together because it will be more convenient for the Court and the parties to litigate all of the currently existing claims together. C. Wright & A. Miller, Federal Practice & Procedure § 1506 (1990). Given the proposed cutoff of the consideration of damages at November 2005, the Government will be able to properly examine the support for FPL's claims for costs allegedly already incurred, conduct any necessary discovery and properly prepare for trial based upon actual cost data (rather than mere estimates or future projections). The examination of any claim for damages incurred after November 2005 may be left for trial on future complaints.

FPL's reference to the rules on relating an amended complaint back to the original complaint are unnecessary. It is necessary that an amendment to a complaint "relate back" to the original complaint when the amended complaint is filed outside of the statute of limitations applicable to the original complaint. See Snoqualmie Tribe of Indians v. United States, 372 F.2d 951, 960 (Ct. Cl. 1967). However, in a partial breach case, such as this one, each of the complaints stands on its own as a claim for damages incurred prior to its filing. As the Federal Circuit held in Indiana Michigan, in a suit for partial breach, "subsequent claims for future damages are considered to accrue for the purposes of the statute of limitations at the time the damages are incurred." 422 F.3d at 1378. Here, because FPL filed complaints in 1998 and 2000 and now seeks to file a second amended complaint in 2006, all time periods since the suit was instituted are covered and there are no statute of limitations issues that would complicate FPL's motion to supplement its 2000 supplemental complaint. Therefore, FPL may properly seek to

present evidence of damages allegedly incurred through November 2005 once its second supplemental complaint is filed.

## II. BECAUSE THE SCOPE OF THE TRIAL ON DAMAGES IS LIMITED TO THOSE INCURRED PRIOR TO THE FILING OF THE MOST RECENT COMPLAINT, THE COURT NEED NOT REACH THE ISSUE OF WHETHER FPL MAY RECOVER DAMAGES INCURRED AFTER THE FILING OF ITS MOST RECENT COMPLAINT AT TRIAL

Although FPL seeks to amend its complaint and limit the consideration of damages to those incurred prior to the filing of that most recent complaint, FPL also asks the Court to decide "whether costs that a plaintiff incurs between the filing of its complaint and the time of trial are recoverable." Pl. Mtn. at 2. The Court need not reach this question because FPL has indicated that it will not be seeking post-complaint damages. Instead, it seeks to amend its complaint in January 2006 and limit the trial on damages to those damages incurred through November 2005. Nevertheless, to the extent that the Court reaches this issue, it has already been resolved by the Federal Circuit in its decision in Indiana Michigan. Contrary to FPL's assertion that the opinion contains "conflicting language," the Federal Circuit's decision is very clear about the scope of damages to be considered.

In the original proceedings before the trial court in Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004), aff'd, 422 F.3d 1369 (Fed. Cir. 2005), the plaintiff, Indiana Michigan Power Company ("IMP"), had asserted that it was entitled to recover damages beginning in 1989 (based upon its alleged belief in 1989 that DOE would partially breach the contract in 1998) and extending approximately 40 years beyond the 1998 partial breach. Like FPL, IMP did not assert that DOE had committed a total breach of the Standard Contract, but instead claimed only that DOE had partially breached that contract. This Court, after an

extensive trial upon IMP's damages claims, found that the nature of IMP's breach claim – a partial, rather than total, breach – affected its ability to recover future damages.

This Court found that, unlike a claimant in a total breach case, a partial breach claimant cannot recover damages into the future that it had not yet incurred. Id. at 648. Instead, this Court, relying in part upon a California court decision, Coughlin v. Blair, 41 Cal. 2d 587, 262 P.2d 305 (1953), found that the partial breach claimant was limited to those damages that it had incurred as a result of partial breaches up to the "date of trial." Indiana Michigan, 60 Fed. Cl. at 648. This Court also found that the partial breach claimant was entitled to return to court as it incurred damages in response to future partial breaches. Id.

On appeal to the Federal Circuit, IMP challenged the trial court's holdings regarding a partial breach claimant's ability to recover future damages in a single action, arguing that a partial breach claimant should be permitted to recover damages beyond the date of trial and that the claimant should not have to return to court to seek additional damages after they have been incurred. In our response to IMP's future damages argument, we informed the appellate court that, according to section 26(1)(e) of the Restatement (Second) of Judgments, a partial breach claimant, unlike a total breach claimant, cannot recover future damages for future partial breaches that it anticipates will occur, but that the partial breach claimant may return to court in the future after it has actually incurred those costs. We also identified two different applications of this rule: the rule espoused in section 26(1)(e) of the Restatement (Second) of Judgments, allowing a partial breach claimant to recover damages incurred by the date that it filed its

complaint, and that espoused in the California court decision upon which this Court had relied, allowing recovery of damages incurred through the time of trial.

In its decision, dated September 9, 2005, the Federal Circuit agreed that, in a partial breach case, future damages are not recoverable. It found that, instead, a partial breach claimant may "sue from time to time for the damages incurred to the date of suit," defined as "the time of the institution of the action." Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1377 (Fed. Cir. 2005) (quoting Restatement (Second) of Judgments § 26(e) & cmt. g (1982)). Although the Court did not expressly discuss the distinction between the California court's "date of trial" rule for a partial breach damages award and the Restatement's "institution of the action" rule, the appellate court expressly found that the grievance at issue "falls within [the Restatement (Second) of Judgments] subsection (e)'s exception," id. at 1378, which expressly limits damages in a partial breach case to those "incurred to the date of suit," Restatement (Second) of Judgments § 26(1)(e) (1982), or "damages sustained from breaches up to the time of the institution of the action." Id. § 26 cmt. g, at 241 (quoted in Indiana Michigan, 422 F.3d at 1377). IMP sought panel rehearing of a portion of the future damages aspect of the appellate court's decision, but IMP's petition for rehearing was denied on November 25, 2005.

Under Indiana Michigan, FPL may not recover damages that post-date the filing of its complaints in this case. See Indiana Michigan, 422 F.3d at 1376-78 (adopting the rule set forth in Restatement (Second) of Judgments § 26(e)). The jurisdiction of this Court is determined by reference to the partial breaches existing upon the date that the complaint or complaints in this case were filed. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). Under the breach of contract theory that FPL elected to pursue – a partial, rather than total, breach of

contract theory – the damages that it may recover in this action are limited to those that were incurred by the time that it filed its original or supplemental complaints. Restatement (Second ) of Judgments § 26(1)(e).

The Government has been consistent in its interpretation of the Indiana Michigan decision in the other spent nuclear fuel cases pending before the Court. In Systems Fuels, Inc. v. United States, No. 03-2624C, the Government has maintained that trial in that case should consider damages incurred prior to the date that Systems Fuels filed its complaint in this Court, November 2003. In Southern Nuclear Operating Co. et.al. v. United States, No. 98-614C, the Government agreed that, if Southern Nuclear filed an amendment to its complaint and consolidated that amended complaint with its original complaint in October 2005, that the damages to be considered in the trial that began in October 2005 could include damages incurred through December 31, 2004, because the Government had an opportunity to examine the basis for these claimed damages during discovery in that case. In Yankee Atomic Electric Company v. United States, No. 98-126C, Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C, and Maine Yankee Atomic Power Co. v. United States, No. 98-474C, plaintiffs have not sought to amend their complaints since they filed their original complaints in 1998. Without an amendment, the Court has no jurisdiction to consider damages that the Yankees may have incurred since the filing of their original complaints. Finally, in Pacific Gas and Electric Co. v. United States, No. 04-0074C, in the pleading cited by FPL, the Government simply explained that it may oppose, and the Court may deny, a motion to amend the complaint if the plaintiff seeks to amend its complaint too close to the date scheduled for trial because of the prejudice to the Government from such an amendment. If the complaint is amended too close to the date of

trial, the Government may not have sufficient time to properly examine the damages claimed and the support for those damages and would object to the amendment on these grounds. Pacific Gas and Electric has not yet sought to amend its complaint, so the Government has not taken a position on whether such an amendment is proper.[1]

In this case, FPL has sought to amend its complaint prior to the scheduling of any trial date and seeks to limit its recovery of damages in any trial to be scheduled to those damages that may have been incurred through November 2005. The Government will have time to examine the incurred damages claimed and the supporting documentation prior to any trial in this matter. Accordingly, the Government does not oppose FPL's request to supplement its complaint at this time.

## CONCLUSION

For the foregoing reasons, defendant does not oppose FPL's motion to amend its complaint and concurs in FPL's suggestion that trial in this matter be limited to consideration of damages allegedly incurred through November 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

[1] In fact, fact discovery in Pacific Gas and Electric has already concluded, making it more likely that a motion for leave to file a supplemental complaint now would prejudice the Government. Nevertheless, no motion for leave to file such a complaint has been filed there.

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

January 19, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 19th day of January 2006, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS AMENDED AND SUPPLEMENTAL COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Marian E. Sullivan