# In the United States Court of Federal Claims

Case No. 98-483C
(Filed: February 6, 2006)

*****************************************************
FLORIDA POWER AND LIGHT COMPANY, *
*Plaintiff,* *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant.* *
*
*****************************************************

**<u>ORDER</u>**

<u>Motion to Amend Plaintiff's Complaint</u>

On January 3, the Plaintiff filed its Motion for Leave to File its Amended and Supplemental Complaint. The Second Amended Complaint would increase the period of time for which the Plaintiff claims damages as a result of the Government's partial breach of contract. Thus, the Second Amended Complaint would include damages that the Plaintiff incurred through November of 2005, rather than damages incurred only through October of 2000, as currently pled.

Plaintiff requests that the Court interpret the Federal Circuit's recent opinion in *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005), in granting or denying its Motion. In that case, the Federal Circuit held that in an action for partial breach of contract, damages for "anticipated future nonperformance" could not be recovered. *Id.* at 1376. Rather, a plaintiff must recover future damages by filing subsequent complaints as costs are actually incurred. *Id.* at 1377. According to the Plaintiff in this case, the *Indiana Michigan* opinion is ambiguous regarding whether damages incurred from the time of the complaint through the time of trial are "future" damages that may not be recovered, or whether unrecoverable future damages only begin to accumulate after trial.

The Defendant responded to the Plaintiff's Motion on January 19. The Defendant does not oppose the Motion, and agrees that the Plaintiff should be given leave to file its Second Amended Complaint encompassing damages

incurred through November of 2005. However, the Defendant does not agree that the Court's ruling must address the legal question posed by the Plaintiff.

The Court agrees with the Defendant that resolution of Plaintiff's Motion does not require us to delve into the asserted ambiguities of the Federal Circuit's *Indiana Michigan* decision at this time. Once Plaintiff properly amends its Complaint, then under *Indiana Michigan* it would seem to the Court – without so holding at this time – that the Plaintiff may recover, at a minimum, damages up to the date of the filing of the Second Amended Complaint. *See Indiana Michigan*, 422 F.3d at 1376 (allowing damages up to the "time of trial"); *id.* at 1376-77 (allowing damages up to "date of the writ" or "the time of the institution of the action"); Plaintiff's Motion at 2 (seeking only damages pre-dating its proposed Second Amended Complaint, but no post-complaint damages). Because Plaintiff's Motion does not seek to recover any damages for the period from the date of the Second Amended Complaint through trial, it does not require the Court to consider whether any post-complaint damages would be recoverable in this action.

**Accordingly, the Plaintiff's Motion for Leave to File its Amended and Supplemental Complaint is hereby GRANTED.**

<u>Joint Status Report for Further Proceedings</u>

The Plaintiff filed a Reply in Support of its Motion for Leave to File its Amended and Supplemental Complaint on February 2, 2006. At its conclusion, the Plaintiff requests 30 days to file a Joint Status Report (JSR) for further proceedings in the case. The Court concludes that a JSR is necessary at this time, and it should address the following issues.

The universe of Spent Nuclear Fuel (SNF) cases currently pending in the U.S. Court of Federal Claims (CFC) is vast, but the number of attorneys working on them may be limited. Although six SNF cases, including this one, were designated as lead cases in 2003, those cases are now at disparate stages of litigation. Also, the original stay has been lifted in the more than 60 other SNF cases in the CFC, and those cases also span all stages of litigation. This Court would find it helpful if the parties would briefly summarize the overall litigation posture of the SNF cases pending in the CFC. Because this case is no longer a "lead" case in a practical sense, it may prevent duplicative litigation to stay this case pending the resolution of some others.

In addition, the parties shall address further proceedings in this case. In particular, they should explain whether the parties wish to file new briefs supporting and opposing the pending partially dispositive motions, given that the

existing briefs are quite stale. Based on the parties' intentions, as well as their predictions after looking to other SNF cases, the JSR should inform the Court of additional motions that may be filed in this case. Overall, the parties should estimate the time needed to resolves these motions before a trial can take place.

**The parties are ordered to file a Joint Status Report no later than March 6, 2006, proposing further proceedings in this case.**

**IT IS SO ORDERED.**

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge