**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on January 5, 2007)

| | | |
|---|---|---|
| **FLORIDA POWER AND LIGHT COMPANY,**<br>Plaintiff,<br>v.<br>**THE UNITED STATES,**<br>Defendant. | ) | No. 98-483C<br>(Judge Baskir) |

**JOINT STATUS REPORT**

Pursuant to the Court's September 15, 2006 Order, Plaintiff Florida Power and Light Company ("FPL") and Defendant, the United States, respectfully and jointly submit this status report "addressing further proceedings." As detailed below, several of the spent nuclear fuel damages cases in this Court are currently or will soon be before the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit"). The resolution of these cases on appeal will likely inform the Court's adjudication of the instant action. Hence, the parties agree that a continuation of the stay that expired on December 31, 2006 in this case is appropriate, and have filed a short motion contemporaneously with this joint status report to continue the stay through June 30, 2007.

In December 2006, one of this Court's recent trial decisions in the spent nuclear fuel cases was appealed to the Federal Circuit. In Yankee Atomic Elec. Co. v. United States, 73 Fed. Cl. 249 (2006) ("Yankee"), this Court awarded the plaintiffs over $140 million in damages. This decision was based, *inter alia*, on findings that the plaintiffs' decisions to build dry fuel storage facilities were reasonable, that the Department of Energy's delay in commencing Standard Contract performance was a "substantial factor" in such commercially reasonable decisions, and that the Government failed to establish that those decisions were unreasonable. Id. at 283-89. The Yankee

decision awarded damages to the plaintiffs without any specific findings about a contractual rate of spent nuclear fuel acceptance. The Government filed an appeal of this trial decision at the Federal Circuit on December 4, 2006 (docketed as Case No. 07-5025). The plaintiffs in the Yankee cases filed a cross-appeal on December 14, 2006 (docketed as Case No. 07-5031).

This Court also recently issued a trial decision in Pac. Gas & Elec. Co. v. United States, 73 Fed. Cl. 333 (2006) ("PG&E"), which awarded the utility plaintiff approximately $43 million in damages. The PG&E damages decision was largely premised on a finding that "had DOE performed the Standard Contract by accepting the utilities' spent fuel beginning no later than January 31, 1998, DOE would have accepted from the utilities 400 MTU in 1998, 600 MTU in 1999, and starting in 2000, 900 MTU/year until 2007." Id. at 399-400. Because the plaintiff in PG&E moved for partial reconsideration of this trial decision and judgment and that motion was denied only on December 22, 2006, the time period for filing an appeal in PG&E has not yet passed.

Further, this Court issued a trial decision in Sacramento Mun. Util. Dist. v. United States, 2006 U.S. Claims LEXIS 372 (Fed. Cl. Dec. 1, 2006) ("SMUD"), which awarded the utility plaintiff approximately $40 million in damages. The time period for filing an appeal in SMUD has also not yet passed.

Although these three recent trial decisions dealt largely with damages-related matters that have not yet been fully litigated in this case,[1] any decision from the Federal Circuit regarding, *inter alia*, the recovery of dry fuel storage costs and the rate of spent fuel acceptance will likely have an effect on how the parties would litigate the instant action. Hence, the parties respectfully submit that any clarification from the Federal Circuit in Yankee, PG&E, and/or SMUD will facilitate the efficient adjudication of Plaintiff's damages claim here.

[1] The parties' cross-motions for summary judgment on the acceptance rate are currently pending in this case.

Additionally, as the Court may be aware, this Court recently held in Nebraska Pub. Power Dist. v. United States, 73 Fed. Cl. 650 (2006) ("NPPD"), that the U.S. Court of Appeals for the District of Columbia Circuit's partial writ of mandamus in Northern States Power Co. v. Dep't of Energy, 128 F.3d 754 (D.C. Cir. 1997), is "void" and does not preclude the Government from arguing in NPPD that it is not liable for partial breach of contract under the "Unavoidable Delays" clause of the Standard Contract. The plaintiff in that case (also represented by the undersigned counsel for FPL) filed a motion on November 13, 2006 for certification of the NPPD decision for interlocutory appeal, and that motion was granted on December 19, 2006. If the Federal Circuit subsequently grants permission for interlocutory appeal, the outcome of such an appeal could potentially affect the Court's adjudication of this case. For this reason also, a stay in the instant action is appropriate if and until the Federal Circuit rules on the "Unavoidable Delays" issue in NPPD.

Finally, a continuation of the stay in this case is desirable because counsel for the parties have been and will be extensively engaged in the damages trials of several other spent nuclear fuel cases pending before this Court. For example, trial proceedings involving the undersigned counsel are currently scheduled to reconvene on January 16, 2007 in System Fuels, Inc. v. United States, No. 03-2624C (Braden, J.) and to commence on February 12, 2007 in System Fuels, Inc. v. United States, No. 03-2623C (Lettow, J.). A damages trial is also scheduled to commence on May 7, 2007 in Boston Edison Co. v. United States, No. 99-447 (Lettow, J.), which case has been consolidated for a limited purpose with Entergy Nuclear Generation Co. v. United States, No. 03-2626C (Lettow, J.). Furthermore, undersigned counsel recently concluded a damages trial in Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.) on December 11, 2006 and will provide post-trial briefing and conduct closing arguments in the next several months.

Thus, consistent with the parties' representations in their previous joint status reports in this action, multiple spent fuel cases continue to proceed on various fronts that could inform the Court's resolution of various key issues in this case. The parties respectfully submit that the stay in this case should be continued through June 30, 2007.

Dated: January 5, 2007

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Florida Power and Light Company

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr. by s/ Jack Y. Chu
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan by s/ Jack Y. Chu
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Tele: (202) 307-0365
Fax: (202) 307-2503
Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585